**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

FLOYD ANTHONY LEWIS,

     Plaintiff,

v.                                                                  Case No. 3:22-CV-10753

CHRISTOPHER RAIBOR, et. al.,

     Defendants,

————————————————————/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

     Plaintiff is an inmate currently confined at the Wayne County Jail in Detroit,
Michigan.  On April 12, 2022, Magistrate Judge David R. Grand signed an order of
deficiency, which required Plaintiff to either pay the $350.00 filing fee in full, plus the
$52.00 administrative fee, or in the alternative, to provide an authorization to withdraw
funds from his jail account, a signed certification of his trust account from an authorized
jail official, and a current computerized trust fund account showing the history of the
financial transactions in Plaintiff's institutional trust fund account for the past six months.
 Plaintiff was given thirty days to comply with the order.  *Lewis v. Rabior*, No. 3:22-CV-
10753, 2022 WL 1094644 (E.D. Mich. Apr. 12, 2022).

     On April 23, 2022, Plaintiff provided this court with a current computerized trust
fund account from the Wayne County Jail in Detroit, Michigan. (ECF No. 4)  Plaintiff,
however, failed to submit a signed certification regarding his jail trust fund account with
these documents.

1

Title 28 U.S.C. § 1915(a)(2) requires a prisoner who seeks to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison or jail at which the prisoner is or was confined. *See also McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997).

If a prisoner who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court is required to advise the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *McGore v. Wrigglesworth*, 114 F.3d at 605.  If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id.*  The district court must then order that the case be dismissed for want of prosecution. *Id.*

Plaintiff has failed to provide the court with a signed certification regarding trust fund account.  An uncertified trust fund account statement, or one that lacks a signature, is insufficient to satisfy the filing requirements for permitting a prisoner to proceed *in forma pauperis* under § 1915(a)(2), nor would it cure the deficiency in this case. *See Hart v. Jaukins,* 99 F. App'x. 208, 209-10 (10th Cir. 2004); *See also Moore v. Vantifflin,* No. 2:08-CV-15168, 2009 WL 224548, at * 1 (E.D. Mich. Jan. 30, 2009).

Plaintiff failed to correct the deficiency order; the court will dismiss the complaint without prejudice for want of prosecution based upon Plaintiff's failure to fully comply with the deficiency order. *See e.g. Erby v. Kula,* 113 F. App'x. 74, 75-76 (6th Cir. 2004).

IT IS ORDERED that the complaint is DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act.  Nothing in this order precludes Plaintiff from filing a new civil rights complaint under a new case number so long as he pays the filing and administrative fees or provides the complete and correct information necessary to proceed without prepayment of fees.


s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  June 1, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 1, 2022, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(810) 292-6522


S:\Cleland\Cleland\CHD\2254\22-10753.LEWIS.SummaryDismissal.db.chd.docx